OPINION OF THE COURT
Arthur E. Blyn, J.
This is a petition by Theodore W. Kheel, an arbitrator and mediator of labor disputes since 1945, for a judgment pursuant to CPLR article 78 reviewing respondents’ denial of access to certain documents, including a publicly discussed memorandum related to petitioner’s performance as an impartial arbitrator, and directing respondents to make those documents available to petitioner for inspection and copying as public records required to be produced under the Freedom of Information Law (FOIL; Public Officers Law, § 84 et seq.). Respondents, by letter, dated April 27, 1982, from the general counsel of the respondent Metropolitan Transportation Authority (MTA), a public commuter transportation authority established under the Public Authorities Law (§ 1260 et seq.), denied petitioner’s formal request, dated April 6, 1982, for such documents.
*603 The subject documents relate to public statements to the press by respondent Richard Ravitch, MTA’s chairman, made in support of the determination by the MTA board of directors that petitioner should be replaced as the designated impartial arbitrator in collective bargaining agreements between the transit unions and the New York City Transit Authority (TA) and the Manhattan and Bronx Surface Transit Operating Authority (OA). On April 5, 1982 the New York Times carried a front page story reporting that respondent Ravitch had stated that he and other MTA board members had wanted a change in arbitrators because it found petitioner’s recent decisions to be “unfavorable to management and favorable to the union”, and that an agency memorandum from TA staff documented such unfavorable rulings.
In petitioner’s FOIL request he cited the above news report and sought access to: (1) the staff memorandum referred to by respondent Ravitch; (2) the MTA board decision ousting petitioner as arbitrator; (3) the names of the board members who voted on that issue, and information about how they voted.
The respondents’ letter denying petitioner’s FOIL request states in a conclusory manner that the disclosure of the memorandum sought “would impair collective bargaining negotiations”. The denial of access was explained further by contending that the memorandum “constitutes an inter or intra-agency material which does not constitute statistical or factual data, instructions to staff, or a final agency policy or determination”. Respondents failed to address the request for the other information.
In support of his petition, Mr. Kheel contends that respondent Ravitch’s statements have “placed a cloud on my reputation of impartiality in labor disputes”, a reputation that has developed over a long career, which includes 33 years as impartial arbitrator in the transit industry, and over 30,000 written decisions, most involving the TA and OA, none of which has ever been reversed. Petitioner seeks disclosure of the subject records as a member of the public. He argues that he has “a right to know whether the MTA decided to oppose my redesignation because the Memorandum documented that recent decisions of mine were biased *604 or whether it acted in response to the persistent and now admitted efforts of the Mayor to have me removed, the zeal (albeit commendable) of a Union favoring my retention or because, as belatedly asserted, it was time for a change”.
In opposition to the petition, respondents submit an answer which repeats the grounds alleged in their April 27, 1982 letter to petitioner denying public access to the information sought. An affidavit in opposition is submitted by Daniel T. Scannell, member and vice chairman of the MTA, and chairman of the TA committee of the MTA, which describes the memorandum sought herein as “a four page document” written by John Simpson, president of the TA, to respondent Ravitch on March 18,1982. Mr. Scannell summarizes the memorandum’s content as follows: “It represents the writer’s analysis and evaluation of some of the decisions that Mr. Kheel rendered in TWU and ATU arbitration cases relating to the TA since 1980, with a restatement of evaluations made by other of Mr. Kheel’s performances prior to 1981. It also contains a short discussion of a proposed arbitration clause for a new agreement, and the writer’s views as to how Mr. Kheel would apply the clause. The writer concludes that the authority’s interests would be best served by reaching agreement with the TWU and ATU on another arbitrator for the new period”. Mr. Scannell argues that the memorandum relates to collective bargaining and that disclosure of it would “impede present and future negotiations”. However, he admits that under the most recently expiring collective bargaining agreements, the designation of a new arbitrator was made on April 5, 1982, prior to the petitioner’s FOIL request. With regard to the other information sought by petitioner, Mr. Scannell alleges that there was no decision of the MTA board regarding petitioner’s ouster and no vote or ouster, but that the board had delegated negotiating authority to a bargaining team, which “interacted informally with an ad hoc board committee dealing with the negotiations” in arriving at positions. Mr. Scannell does not explain why respondent Ravitch had informed the public that the MTA board had itself made the determination.
In section 84 of the Public Officers Law, the Legislature describes its purpose in establishing the FOIL public access provisions:
*605 “The legislature hereby finds that a free society is maintained when government is responsive and responsible to the public, and when the public is aware of governmental actions * * *
“The legislature therefore declares that government is the public’s business and that the public, individually and collectively and represented by a free press, should have access to records of government in accordance with the provisions of this article”.
Article 6 of Public Officers Law (§ 84 et seq.) mandates that all agency records are open to the public unless they fall within one of eight categories of exemptions defined in subdivision 2 of section 87 (see Matter of Westchester Rockland Newspapers v Kimball, 50 NY2d 575, 580). The burden of demonstrating that the material requested is exempt falls on the agency asserting the exemption, and those exemptions must be narrowly construed. (See Matter of Westchester Rockland Newspapers v Kimball, supra; Matter of Fink v Lefkowitz, 47 NY2d 567, 571.)
The exemptions to disclosure relied upon by respondents appear in section 87 (subd 2, pars [c], [g]) of the Public Officers Law. Paragraph (c) refers to records which “if disclosed would impair present or imminent contract awards or collective bargaining negotiations”. Paragraph (g) provides an exemption for “inter-agency or intraagency materials which are not: i. statistical or factual tabulations or data; ii. instructions to staff that affect the public; or iii. final agency policy or determinations”.
The exemption provided under section 87 (subd 2, par [c]) has not been demonstrated by respondents to be applicable to the records sought herein. The facts alleged fail to show that any present or imminent contract awards would be impaired by the information sought. Further, no collective bargaining negotiations can be affected by the release of information which has already been placed in the public arena by the public comments of Mr. Ravitch and other members of the MTA board. Further, the disclosure is essential to clarify the issues raised by respondent Ravitch in his public comments. Public labor negotiations are not intended to be secret matters hidden from public debate.
*606 Likewise, the exemption provided under section 87 (subd 2, par [g]) also has not been demonstrated to be applicable to the materials sought. Respondents have admitted that the memorandum sought contains factual data. Further, it appears that instructions or recommendations are contained therein which affect the public. In addition, the memorandum, appears to reflect final agency policy formulated by the MTA even before the preparation of the memorandum.
Under all of the-facts and circumstances before the court, the memorandum sought by petitioner constitutes a record required to be disclosed under the Freedom of Information Law. With respect to the remaining items sought, it appears that, contrary to the implications of respondent Ravitch’s public statements, the MTA board may not have reached a formal determination on the issue of petitioner’s status as impartial arbitrator, and the specific items sought may therefore be nonexistent. However other documents or records may exist related to the agency decision in question. Accordingly, petitioner’s application is granted to the extent of directing that respondents provide petitioner with the subject memorandum within 20 days after service of a copy of the judgment to be settled on this decision, and, within that time period, respondents shall provide petitioner with a certification of whether or not the MTA has in its possession the other records sought (see Public Officers Law, § 38, subd 3), and if not, the respondents shall specify what related records exist regarding the determination upon which disclosure is sought. Petitioner may thereafter pursue his efforts to obtain access to such additional records through an application to reopen this proceeding, within 60 days after service of a copy of the judgment to be settled hereon, or through a separate proceeding, after exhausting administrative remedies.